ROBERT H. ELDER, Respondent, v. J. VINCENT LABATE Co., INC., Appellant, and Others, Defendants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

HENRY G. FRIEDMAN, Respondent, v. UNIVERSAL MERCERIZING COMPANY, INC., Defendant, and ESTHER SCHROTT, Appellant.— Order and judgment of the City Court of White Plains dated July 7, 1932, reversed on the law and the facts, without costs, and motion denied, with ten dollars costs. The scope of the defenses herein is measured by the affidavits. They present questions of fact which may be resolved on a trial only, since they rest upon conflicting oral contentions of the parties. The application to be relieved from failure to comply with section 368 of the Civil Practice Act should be made to the trial court. The defendant is likewise remitted to the trial court for relief with respect to amendment of her answer. Appeal from order denying motion to resettle dismissed. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.

BERNARD FEUERMAN an Infant, over the Age of Fourteen Years, by His Guardian ad Litem, WILLIAM FEUERMAN, and WILLIAM FEUERMAN, Respondents, v. THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs, upon the ground that no negligence upon the part of the defendant was established. There was no defect in any of the school property, and the location of the lines of the court with respect to the door in question was not a matter for which the board of education can be legally charged, but rested upon the act of those who laid out the lines, whether subordinates of the board of education, for whose negligence the board would not be liable, or that of other persons over whom the board of education, as such, had no control. Even if the board of education itself caused the play lines to be laid out where they were, there would still be an absence of proof of negligence as there was no defect in construction of the school property whatever. Appeal from order denying motion to set aside the verdict and grant a new trial dismissed. Kapper, Hagarty, Carswell and Tompkins, JJ., concur; Lazansky, P. J., concurs in result.

JAMES R. HEWITT, Respondent, v. SILENT AUTOMATIC SALES CORPORATION, Appellant.— Order of the County Court of Westchester county reversing judgment of the City Court of New Rochelle and granting judgment for plaintiff, and judgment of the City Court of New Rochelle entered thereon, reversed on the law and the facts and a new trial ordered in the City Court of New Rochelle, costs to abide the event. On the trial the general authority of O'Hare, the branch manager, to make a contract of this nature was established. The admission of defendant's Exhibit 1 in evidence was erroneous and constituted prejudicial error. The question of fact to be determined on the new trial is whether or not the plaintiff entered into a contract with the defendant for commissions. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.